COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Overton
Argued at Richmond, Virginia


JERRY WAYNE SCHEIB
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0962-96-2        JUDGE NELSON T. OVERTON
                                             JANUARY 28, 1997
SARA SUE SCHEIB

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

            Charles E. Powers (Edward D. Barnes; Edward
            D. Barnes & Associates, P.C., on briefs), for
            appellant.

            Richard L. Locke (Mezzullo & McCandlish, on
            brief), for appellee.


     Jerry Wayne Scheib (husband) appeals an order entered in the

Circuit Court of Chesterfield County commanding his extradition

from Tennessee due to his failure to pay child support, pursuant

to Code § 20-84.  He contends that the circuit court did not have

the authority to order his extradition under this statute

section.  We agree, and we reverse.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     Husband lives in Tennessee, and has lived there continuously

since before his divorce from Sara Sue Scheib (wife).  After the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

divorce, wife filed a Motion to Show Cause in the circuit court alleging that husband had failed to comply with various provisions of the final divorce decree, including failure to pay support. The judge found husband in contempt.[1] Husband did not appear at the hearing to determine sanctions for the contempt, and the judge issued a capias, stating that the case was a proper one for extradition under Code § 20-84.

Section 20-84 provides for the extradition of persons who leave the Commonwealth with the intention of abandoning or deserting a spouse or children or failing to support them. It is contained in Chapter 5 of Title 20 of the Code. "Proceedings under this chapter shall be had in the juvenile and domestic relations district courts . . . ." Code § 20-67. The proceeding in this case was before the circuit court, not the juvenile and domestic relations court. Because the circuit court did not have the authority to order extradition, that part of the order is reversed.

If the parties choose to pursue the matter further, the juvenile and domestic relations court must determine whether the case is indeed a proper one for extradition under Code § 20-84.

<u>Reversed and dismissed.</u>

---

[1]For the purposes of this opinion, we assume without deciding that this is a criminal punishment.